UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __6_6_19__

---

CHAO YI LIN,

                         Plaintiff,

          – against –

KAEDE SUSHI CUISINE INC., d/b/a "KAEDE
SUSHI"; YANYIN LIN, a/k/a TINA LIN,
YANYING LIN; JOHN DOES #1–10; JANE DOES
#1–10; COMPANY ABC #1–10,

                         Defendant.

---

KAEDE SUSHI CUISINE INC.,

                         Counter Claimant,

          – against –

CHAO YI LIN

                         Counter Defendant.

---

**ORDER**

18 Civ. 9293 (ER)

Ramos, D.J.:

Chao Yi Lin brought this action against his former employer Kaede Sushi Cuisine Inc.

d/b/a Kaede Sushi ("Kaede"), Yanyin Lin a/k/a Tina Lin a/k/a Yanying Lin, John Does #1–10,

Jane Does #1–10, and Company ABC #1–10 (collectively, "Defendants"), for unpaid minimum

wages, unpaid overtime wages, liquidated damages, wage theft, unpaid wages for Defendants'

violation of "spread of hours" regulations, and reasonable attorney's fees and costs under the

Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Doc. 7.  Kaede

answered Plaintiff's complaint on January 16, 2019.  Doc. 23.  On February 13, 2019, the parties

submitted a proposed settlement agreement for the Court's approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Doc. 24. On March 12, 2019, the Court denied the parties' request for approval of the Agreement because it included insufficient documentation to support the reasonableness of the settlement amount and attorney's fees requested and an impermissibly broad release provision. Doc. 27. The parties filed a revised agreement ("Revised Agreement") and supporting documentation on April 11, 2019. Doc. 30.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks*, 796 F.3d at 200. The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). "In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers. Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g.*, *Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe

the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

The Revised Agreement provides for a total settlement of $40,000, with $25,948.67 payable to the Plaintiff and $14,041.33 payable to Aihong You, Esq. as attorney's fees and costs. Ex. B, Doc. 30. The Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. The Plaintiff submitted an affidavit detailing the number of hours he worked and the pay that he received based on his recollection. *Id.* The Defendants lacked proper records to rebut the number of hours he worked and the pay he received. *Id.* As the parties reached the settlement amount after arms-length negotiations, the Court accepts the parties' agreement that the settlement amount is fair and reasonable.

Regarding the reasonableness of the attorney's fees request, the Court looks to "the lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case–which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667, 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Under the Revised Agreement, Plaintiffs' attorneys will retain approximately one third of the settlement amount and will be reimbursed $767.22 for out of pocket costs, for a total amount of $14,041.33. Doc. 30, Ex. B. "[O]ne-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases," *Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015), and Plaintiffs' counsel has submitted billing records detailing the type of work performed and hours logged by each attorney such that the Court may assess the reasonableness of the fees requested. Doc. 30, Ex. B. *See Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails

submitting contemporaneous billing records documenting the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney."); *see also Beckert*, 2015 WL 8773460, at *2 (evaluating the reasonableness of plaintiff's request for fees of one third of the settlement amount by reviewing the reasonable hours worked multiplied by reasonable hourly rates, i.e. the lodestar method). The Court is satisfied with the billing rates assigned to Plaintiffs' counsel and the number of hours spent on each task. Based on the information provided, the Court concludes that the requested attorney's fees and costs are objectively reasonable.

Lastly, the parties have cured the Court's prior concerns regarding the overbreadth of the release provision. The Agreement previously contained a provision by which Plaintiff agreed to,

> …not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class or other action, before any administrative agency, court, or other forum or accept any relief or recovery from or against Defendants.

The language "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015). The revised Paragraph 2(c) now provides that Plaintiff releases Defendants of "any claims that the plaintiff raised in this action." Doc. 30 ¶ 2(c).

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. The Clerk of Court is respectfully directed to terminate the case.

SO ORDERED.

Dated:   June 6, 2019
        New York, New York

_____
Edgardo Ramos, U.S.D.J.